EK:DCW
F.#2009R01514

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -    _____    Cr. No. 10-096 (ARR)

RALF TREIMAN,

        Defendant.

- - - - - - - - - - - - - - - X

<u>THE GOVERNMENT'S REQUESTS TO CHARGE</u>

 

Loretta E. Lynch
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

David C. Woll, Jr.
Assistant U.S. Attorney
(Of Counsel)

TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . 3

REQUEST NO. 1 . . . . . . . . . . . . . . . . . . . . . . 4

REQUEST NO. 2 . . . . . . . . . . . . . . . . . . . . . 5

REQUEST NO. 3 . . . . . . . . . . . . . . . . . . . . . 9

REQUEST NO. 4 . . . . . . . . . . . . . . . . . . . . 11

REQUEST NO. 5 . . . . . . . . . . . . . . . . . . . . 14

REQUEST NO. 6 . . . . . . . . . . . . . . . . . . . . 16

REQUEST NO. 7 . . . . . . . . . . . . . . . . . . . . 17

REQUEST NO. 8 . . . . . . . . . . . . . . . . . . . . 18

REQUEST NO. 9 . . . . . . . . . . . . . . . . . . . . 20

REQUEST NO. 10 . . . . . . . . . . . . . . . . . . . 21

REQUEST NO. 11 . . . . . . . . . . . . . . . . . . . 23

REQUEST NO. 12 . . . . . . . . . . . . . . . . . . . 24

REQUEST NO. 13 . . . . . . . . . . . . . . . . . . . 25

REQUEST NO. 14 . . . . . . . . . . . . . . . . . . . 26

REQUEST NO. 15 . . . . . . . . . . . . . . . . . . . 27

REQUEST NO. 16 . . . . . . . . . . . . . . . . . . . 28

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . 29

_____

PRELIMINARY STATEMENT

The government respectfully requests that the Court add the following instructions to its charge to the jury in this case, and requests leave to offer such other instructions as may become appropriate during the course of the trial.

The government respectfully requests that copies of the Indictment and the jury instructions be provided to the jurors during their deliberations.

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The government requests that the Court charge the jury in its usual manner on the following subjects:

A.   Function of the Court and the Jury;

B.   Jury Communications with Lawyers and the Court;

C.   Equality of the Prosecution and the Defense;

D.   Presumption of Innocence;

E.   Burden of Proof and Reasonable Doubt;

F.   Circumstantial Evidence and Direct Evidence;

G.   Function of Indictment and What is Not Evidence;

H.   Permissible Inferences Drawn from the Evidence;

I.   Objections;

J.   Stipulation of Facts;

K.   Credibility of Witnesses and Discrepancies in Testimony;

L.   Equal Subpoena Power of the Parties;

M.   Deliberations;

N.   No Inference to be Drawn From Defendant's Failure to Testify (if applicable); and

O.   Jury's Right to See Exhibits and Have Testimony Read During Deliberations.

REQUEST NO. 2

The Indictment

I will now proceed to discuss the offenses charged in the Indictment.  RALF TREIMAN is charged with eight counts or crimes.  Each count and the evidence pertaining to it should be considered separately by you.  In a moment, I will read you the indictment.  After reading you the counts, I will explain the elements of each count.

First, I will give you a summary of the Indictment. Counts One, Three, Four, Five and Seven, in sum, charge the defendant with use of a passport secured by false statements. Count Two, in sum, charges the defendant with securing a passport by false statements.  Counts Six and Eight, in sum, charge the defendant with knowingly and intentionally using, without lawful authority, a means of identification of another person during and in relation to the offenses charged in Counts Five and Seven.

I have summarized the counts in the Indictment simply to give you an overview of the charges.  In your deliberations, you should refer to the exact text of the Indictment, which I will read now:

COUNT ONE
(Use of Passport Secured by False Statements)

On or about October 24, 2000, within the Eastern District of New York, the defendant RALF TREIMAN did willfully and knowingly use and attempt to use a passport the issuance of

which was secured by reason of one or more false statements, to wit: the use of a false name, false citizenship, false Social Security number, false date of birth and false place of birth.

<u>COUNT TWO</u>
(Securing a Passport By False Statements)

On or about April 23, 2002, within the Eastern District of New York, the defendant RALF TREIMAN, with intent to induce and secure the issuance of a passport under the authority of the United States, for his own use and contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, did willfully and knowingly make one or more false statements in an application for a passport, to wit: the use of a false name, false citizenship, false Social Security number, false date of birth and false place of birth.

<u>COUNT THREE</u>
(Use of Passport Secured by False Statements)

On or about January 16, 2003, within the Eastern District of New York, the defendant RALF TREIMAN did willfully and knowingly use and attempt to use a passport the issuance of which was secured by reason of one or more false statements, to wit: the use of a false name, false citizenship, false Social Security number, false date of birth and false place of birth.

<u>COUNT FOUR</u>
(Use of Passport Secured by False Statements)

On or about July 1, 2003, within the Eastern District of New York, the defendant RALF TREIMAN did willfully and

6

knowingly use and attempt to use a passport the issuance of which was secured by reason of one or more false statements, to wit: the use of a false name, false citizenship, false Social Security number, false date of birth and false place of birth.

### COUNT FIVE
(Use of Passport Secured by False Statements)

On or about February 17, 2006, within the Eastern District of New York, the defendant RALF TREIMAN did willfully and knowingly use and attempt to use a passport the issuance of which was secured by reason of one or more false statements, to wit: the use of a false name, false citizenship, false Social Security number, false date of birth and false place of birth.

### COUNT SIX
(Aggravated Identity Theft)

On or about February 17, 2006, within the Eastern District of New York, the defendant RALF TREIMAN, during and in relation to the crime charged in Count Five, did knowingly and intentionally possess and use, without lawful authority, means of identification of another person, to wit: John Doe, an individual whose identity is known to the Grand Jury, knowing that the means of identification belonged to another person.

### COUNT SEVEN
(Use of Passport Secured by False Statements)

On or about September 27, 2006, within the Eastern District of New York, the defendant RALF TREIMAN did willfully and knowingly use and attempt to use a passport the issuance of

which was secured by reason of one or more false statements, to wit: the use of a false name, false citizenship, false Social Security number, false date of birth and false place of birth.

<u>COUNT EIGHT</u>
(Aggravated Identity Theft)

On or about September 27, 2006, within the Eastern District of New York, the defendant RALF TREIMAN, during and in relation to the crime charged in Count Seven, did knowingly and intentionally possess and use, without lawful authority, means of identification of another person, to wit: John Doe, an individual whose identity is known to the Grand Jury, knowing that the means of identification belonged to another person.

<u>Authority</u>: Adapted from the charge of the Honorable Carol Bagley Amon in <u>United States v. Mackie</u>, 03 CR 1082 (CBA).

<u>REQUEST NO. 3</u>

<u>Counts One, Three, Four, Five and Seven:</u>
<u>False Use of a Passport</u>

I will now review each count of the Indictment in detail.  As I have told you, Counts One, Three, Four, Five and Seven of the Indictment charge the defendant with use of a passport secured by false statements, which is a violation of Section 1542 of Title 18 of the United States Code.  Section 1542 provides in relevant part:

> Whoever willfully and knowingly uses or attempts to use . . . any passport the issue of which was secured in any way by reason of any false statement [shall be guilty of a crime].

To prove these charges against the defendant, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant used and attempted to use a United States passport as charged in the Indictment;

Second, that the passport was secured in any way by reason of a false statement; and

Third, that the defendant acted knowingly and willfully.

The first element that the government must prove beyond a reasonable doubt is that the defendant used a United States passport as charged in the Indictment.

The second element that the government must prove

9

beyond a reasonable doubt is that the passport was secured in any way by reason of a false statement.  To establish this element, the government must prove that the defendant made a false statement in the application that resulted in the issuance of the passport used by defendant.  A supporting document submitted as part of a passport application is part of that application.

A statement is false if it was untrue when made, and the person making the statement or causing it to be made knew that it was untrue.

The third element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.  To act knowingly and willfully means to act deliberately and with knowledge and not in a way that is merely careless, negligent or inadvertent.  Thus, to satisfy this element, the government must prove that the defendant intentionally used the passport knowing that it was secured by the false statement.

> Authority: Adapted from 1 Sand, et al.,
> Modern Federal Jury Instructions,
> Instructions 47-22 through 47-26 (2009).

REQUEST NO.4

Count Two:
Securing a Passport By False Statements

In Count Two of the Indictment, the defendant is charged with securing a passport by making false statements in an application for a United States passport.

The indictment charges the defendant with violating section 1542 of Title 18 of the United States Code. That section provides in relevant part:

> Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws [shall be guilty of a crime].

In order to prove the defendant guilty of securing a passport by false statements, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant made a false statement in an application for a United States passport;

Second, that the defendant made that false statement with the intent to secure the issuance of a passport for his own use or for the use of another; and

Third, that the defendant acted knowingly and willfully.

The first element that the government must prove

11

beyond a reasonable doubt is that the defendant made a false statement in an application for a United States passport.  A supporting document submitted as part of a passport application is part of that application.

As I have already explained to you, a statement is false if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.

The second element that the government must prove beyond a reasonable doubt is that the defendant made that false statement with the intent to secure the issuance of a passport for his own use or for the use of another.

To establish this element, the government must prove that the defendant made the false statement in the application with the intent that the application would result in the issuance of a passport.  The government is not required to prove that the defendant intended to use the passport in international travel.

The third element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.  As I have already explained to you, to act knowingly and willfully means to act deliberately and with knowledge and not in a way that is merely careless, negligent or

inadvertent.  Thus, to satisfy this element, the government must prove that the defendant intentionally made the false statement knowing that it was false.

> Authority: Adapted from 1 Sand, <u>et al</u>.,
> <u>Modern Federal Jury Instructions</u>,
> Instructions 47-15 through 47-19 (2009).

<u>REQUEST NO. 5</u>

<u>Counts Six and Eight:</u>
<u>Aggravated Identity Theft</u>

If you find that the government has proven the elements of the offenses charged in Counts Five and/or Seven beyond a reasonable doubt, you must also decide whether the government has proven beyond a reasonable doubt the offenses charged in Counts Six and/or Eight of the Indictment.

As I have told you, Counts Six and Eight of the Indictment charge the defendant with knowingly and intentionally using, without lawful authority, a means of identification of another person during and in relation to the offenses charged in Counts Five and Seven, respectively, which is a violation of Section 1028A(a)(1) of Title 18 of the United States Code. Section 1028A(a)(1) provides that:

> Whoever, during and in relation to any felony violation enumerated in subsection (c) [of 1028A] [which includes Section 1542 of Title 18 of the United States Code], knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall [be guilty of a crime].

To prove the defendant guilty of the crimes charged in Counts Six and Eight, the government must establish beyond a reasonable doubt the following elements of the offense:

First, that the defendant possessed or used, without lawful authority, a means of identification of another person;

Second, that the defendant acted knowingly and

14

intentionally; and

Third, that the defendant's possession or use of the means of identification of another person occurred during and in relation to the crime charged in Counts Five and/or Seven.

> Authority: 18 U.S.C. §§ 1028A(a)(1) and 1028A(c)(11); adapted from the charge of the Honorable Allyne R. Ross in United States v. Dawes, 07 CR 555 (ARR).

<u>REQUEST NO. 6</u>

<u>Counts Six and Eight - First Element:</u>
<u>Means of Identification of Another Person</u>

The first element the government must prove beyond a reasonable doubt with respect to Counts Six and Eight is that the defendant possessed or used, without lawful authority, a means of identification of another person.

To act without lawful authority means to act without the authorization of the issuing governmental entity to use the means of identification.

The term "means of identification" is defined as any name, date of birth, social security number, official driver's license or other identification document issued by federal, state or local government that may be used, alone or in conjunction with any other information, to identify a specific individual.  I instruct you that a passport is a means of identification issued by the United States Department of State.  The means of identification must be that of an actual person, living or dead.

> <u>Authority</u>: 18 U.S.C. §§ 1028(d)(7) (defining "means of identification"); <u>United States v. Kowal</u>, 486 F. Supp. 2d 923, 934 (N.D. Iowa 2007) ("The court holds that the term 'person' in § 1028A includes all human beings, regardless of whether they are living at the time their identity is stolen and used."); <u>United States v. Jimenez</u>, No. 05-10058, 2005 WL 2453814, at *2 (D. Mass. Oct. 4, 2005) (same).

16

<u>REQUEST NO. 7</u>

<u>Counts Six and Eight - Second Element:</u>
<u>Defendant Acted Knowingly and Intentionally</u>

The second element the government must prove beyond a reasonable doubt with respect to Counts Six and Eight is that the defendant acted knowingly and intentionally.

As I have already instructed you, a person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.  A person acts intentionally when he acts deliberately and purposefully.

To satisfy this element, the government must prove beyond a reasonable doubt by direct or circumstantial evidence that the defendant knew that the means of identification he possessed or used belonged to a real person.  The government must also prove that when the defendant possessed or used the means of identification, he did so knowingly and intentionally.

> <u>Authority</u>: Adapted from the charge of the
> Honorable Allyne R. Ross in <u>United States v.</u>
> <u>Dawes</u>, 07 CR 555 (ARR) and the Honorable
> Edward R. Korman in <u>United States v.</u>
> <u>Lora-Mercedes</u>, 08 CR 468 (ERK).

<u>REQUEST NO. 8</u>

<u>Counts Six and Eight - Third Element:</u>
<u>During and in Relation To</u>

The third element the government must prove beyond a reasonable doubt with respect to Counts Six and Eight is that the defendant possessed or used the means of identification of another person during and in relation to the crime charged in Counts Five and Seven, respectively.  Specifically, the government must prove beyond a reasonable doubt that the defendant's possession or use of the means of identification of another person occurred during and in relation to (a) the crime of using a passport secured by false statements, as charged in Count Five, or (b) the crime of using a passport secured by false statements, as charged in Count Seven.

For you to find that the defendant possessed or used the means of identification of another during and in relation to the crimes charged in Counts Five and Seven, you must find that the unauthorized possession or use of the means of identification of another played a role or was intended by the defendant to play a role in the crimes charged in Counts Five and Seven.  Keep in mind that Counts Six and Eight do <u>not</u> charge the defendant with

18

using a passport secured by false statements, but rather the possession or use of the means of identification of another during and in relation to Counts Five and Seven charged in the Indictment, respectively.

> Authority: Adapted from the charge of the Honorable Allyne R. Ross in United States v. Dawes, 07 CR 555 (ARR).

REQUEST NO. 9

Variance-Dates

While we are on the subject of the elements, I should draw your attention to the fact that it does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the date established by testimony or exhibits.

Authority: 1 Sand, et al., Modern Federal Jury Instructions, Instruction No. 3-12.

REQUEST NO. 10

Expert Testimony

You have heard the testimony of an expert in fingerprint analysis in this case.  Ordinarily, witnesses are restricted to testifying concerning matters of fact.  There are occasions, however, when there is some technical or other specialized area of knowledge that will assist the jury in deciding a disputed fact.  On those occasions, a witness who is specially qualified by training, knowledge, experience, or education may be called to testify about some evidence or facts in issue in the form of an opinion.

Consider these opinions and give them as much weight as you think they deserve.  If you think that their opinions are not based upon adequate training, knowledge, experience, or education, that the reasons they gave in support of their opinions are not sound, or that, for any other reason, their opinions should not be accepted, you may disregard them.  If, on the other hand, you think that their opinions are based upon adequate training, knowledge, experience, or education, and that the reasons they gave in support of their opinions are sound, you may accept them.

In short, the opinion of an expert witness is in all other respects the same as the testimony of any other witness. Give it such weight as you think it deserves.

> <u>Authority</u>: Adapted from the charge of the
> Hon. Allyne R. Ross, <u>United States v. Thom</u>,
> EDNY, 99-CR-449(S-1)(ARR)

REQUEST NO. 11

Government Agents and Witnesses

During the trial, you have heard testimony from government agents and employees.  The fact that a witness may be a government agent or employee does not mean that his or her testimony is entitled to any greater weight by reason of his or her employment.  By the same token, his or her testimony is not entitled to less consideration simply because he or she is a government agent or employee.

You should consider the testimony of government agents or employees just as you would consider any other evidence in the case and evaluate its credibility just as you would that of any other witness.  After reviewing all the evidence, you will decide whether to accept the testimony of the government agents or employees, and what weight, if any, that testimony deserves.

> Authority: Adapted from the charge of the Honorable I. Leo Glasser, United States v. Buntin McPherson, E.D.N.Y., 90 CR 896 (ILG).

23

<u>REQUEST NO. 12</u>

<u>All Available Evidence Need Not Be Produced</u>

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned during the course of the trial.

<u>Authority</u>:  Adapted from E. Devitt & C. Blackmar, <u>Federal Jury Practice and Instructions</u>, Instruction No. 72.11 (3d ed. 1977).

REQUEST NO. 13

Testimony of Defendant
(If applicable)

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

> Authority: United States v. Brutus, 505 F.3d 80, 88, n.7 (2d Cir. 2007), adapting charging language from United States v. Gaines, 457 F.3d 238, 249, n.9 (2d Cir. 2006).

<u>REQUEST NO. 14</u>

<u>Basing Verdict on Sympathy</u>

Under your oath as jurors you are not to be swayed by sympathy for one side or the other.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and under the law as I charge you.  It must be clear to you that once you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you must find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

> <u>Authority</u>: Adapted from 1 Sand, <u>et al</u>.,
> <u>Modern Federal Jury Instructions</u>, Instruction
> 2-12 (2009).

26

REQUEST NO. 15

Punishment

I instruct you that the question of possible punishment of the defendant is of no concern to the jury and should not, in any way, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively with the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or in any sense enter into your deliberations.

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

> Authority:  Adapted from the charge of the Hon. Carol B. Amon, United States v. Harold Wapnik, E.D.N.Y., 92 CR 419 (CBA).  1 Sand, et al., Modern Federal Jury Instructions, Instruction 9-1 (2009).

27

<u>REQUEST NO. 16</u>

<u>Interviewed Witnesses</u>

There was testimony at trial that the attorneys for the government interviewed witnesses when preparing for and during the course of the trial.  You must not draw any unfavorable inference from that fact.

On the contrary, attorneys are obliged to prepare their case as thoroughly as possible and one way to accomplish this is to properly interview witnesses before this trial and as necessary throughout the course of the trial.

<u>Authority</u>: Charge of Hon. I. Leo Glasser in
<u>United States v. Brady, et al</u>., E.D.N.Y., 92
CR 792 (ILG).

28

CONCLUSION

The government respectfully requests that the Court
include the foregoing in its instructions to the jury.


Dated:     Brooklyn, New York
           May 5, 2010

                                   Respectfully submitted,

                                   LORETTA E. LYNCH
                                   United States Attorney

                           By: _____
                                   David C. Woll, Jr.
                                   Assistant U.S. Attorney
                                   (Of Counsel)


cc:  Michael Schneider, Esq.