
U.S. Department of Justice

           *United States Attorney*
           *Eastern District of New York*

EK:DCW                                *271 Cadman Plaza East, 4th Floor*
F.#2009R01514                    *Brooklyn, New York  11201*

                                   October 22, 2010

<u>BY HAND AND ECF</u>

The Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  <u>United States v. Ralf Treiman</u>
             <u>Criminal Docket No. 10-096(ARR)</u>

Dear Judge Ross:

       On June 8, 2010, the defendant Ralf Treiman pled guilty pursuant to a plea agreement to Counts Two and Seven of the Indictment in the above-referenced case.  In Count Two, the defendant was charged with Securing a Passport By False Statements, in violation of Title 18, United States Code, Section 1542.  In Count Seven, the defendant was charged with Use of Passport Secured by False Statements, in violation of Title 18, United States Code, Section 1542.  The defendant is scheduled to be sentenced by Your Honor on Wednesday, October 27, 2010.

       On October 5, 2010, the Probation Department issued a Presentence Investigation Report ("PSR"), which indicated that the defendant's Guideline range was 15 to 21 months in custody.  <u>See</u> PSR at ¶ 81.[1]  The government concurs with the analysis set forth in the PSR.

       The government submits that the sentencing factors outlined in 18 U.S.C. § 3553(a) suggest that a Guidelines sentence is appropriate in this case.

---

      [1]    In the plea agreement, the defendant's guidelines range was incorrectly estimated to be 12 to 18 months' imprisonment because the parties erred in estimating that the defendant fell within Criminal History Category II.  In the estimate, the parties neglected to include a two point enhancement, pursuant to U.S.S.G. § 4A1.1(d), because the instant offense occurred while the defendant was on probation.  <u>See</u> PSR at ¶ 47.

-2-

I.  <u>The Nature of the Offense and Characteristics of the Offender</u>

The nature of the offense to which the defendant pleaded guilty, <u>see</u> 18 U.S.C. § 3553(a)(1), is serious. While the defendant was in the country illegally, he used the identity of another person to obtain a United States passport, and then used that passport to travel in and out of the country in complete disregard of the border security laws and immigration process. Given the seriousness of the defendant's crimes, only a Guidelines sentence would adequately deter future offenders.

Additionally, the defendant's "history and characteristics," 18 U.S.C. § 3553(a)(1), include recurring criminal activities and demonstrate a complete disregard for the law. During the 20-year period that the defendant has remained in the country using false names and identification documents, he has sustained at least two criminal convictions, <u>see</u> Presentence Investigation Report ("PSR") at ¶¶ 40 and 44. Moreover, the defendant apparently attempted to evade detection by immigration authorities during one of these run-ins with law enforcement by using an alias to hide his true identity. <u>Id</u>. at ¶ 44. Thus, a Guidelines sentence is appropriate in this case.

II. <u>The 3553(a)(2) Factors Suggest that a Guidelines Sentence is Appropriate in this Case</u>

The factors outlined in 18 U.S.C. § 3553(a)(2) demonstrate that a Guidelines sentence is appropriate in this case. First, given the defendant's disregard for the law as demonstrated by his lengthy criminal history (<u>see</u> PSR at ¶¶ 31-45) and repeated use of false identities to fraudulently obtain false identification documents (<u>see</u> PSR at ¶ 8), only a Guidelines sentence would "promote respect for the law" and "provide just punishment" in this case. 18 U.S.C. § 3553(a)(2)(A).

Second, only a Guidelines sentence would "afford adequate deterrence to criminal conduct." <u>Id</u>. § 3553(a)(2)(B). After the defendant's asylum claim was denied, the defendant wasted little time in ignoring the edict of the immigration court and not only remained in the United States illegally, but also stole the identities of other people and repeatedly broke the law by obtaining identity documents in the names of those other people. PSR at ¶¶ 8, 11, 56. Indeed, given the sheer number of false identification documents that the defendant possessed in his apartment, it is clear that the defendant obtained

-3-

identification documents from various government agencies for years.

Third, the defendant's criminal history makes clear that only a Guidelines sentence is likely to deter him from committing "further crimes." Id. at § 3553(a)(2)(C). The defendant has a lengthy criminal history in his native country of Estonia. Over a ten-year period, the defendant apparently committed crimes including robbery and theft in Estonia. PSR at ¶ 32-38. He was also convicted of fraud in Finland in 1995. Id. at ¶ 42. Notably, none of these crimes were included in the calculation of the defendant's criminal history points. Id. at ¶¶ 32-38, 42. Moreover, the defendant has also been convicted of two additional crimes in the United States while in the country illegally. Such recurrent criminality demonstrates that only a Guidelines sentence would adequately deter this defendant from committing future crimes.

III. Conclusion

A Guidelines sentence is reasonable and appropriate in this case. Thus, the Court should sentence the defendant within the applicable advisory Guidelines range of 15 to 21 months' imprisonment.

                    Respectfully submitted,

                    LORETTA E. LYNCH
                    United States Attorney

By:   /s/
     David C. Woll, Jr.
     Assistant U.S. Attorney
     (718) 254-6241

cc Michael Schneider, Esq.